1   WILLIAM S. O'HARE (SBN 82562)
    wohare@swlaw.com
2   DEBORAH MALLGRAVE (SBN 198603)
    dmallgrave@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Blvd., Suite 1400
4   Costa Mesa, CA  92626
    Telephone:  (714) 427-7000
5   Facsimile:   (714) 427-7799

6   ROBERT P. PARKER (*pro hac vice*)
    rparker@rothwellfigg.com
7   STEVEN P. WEIHROUCH (*pro hac vice*)
    sweihrouch@rfem.com
8   DANIEL R. MCCALLUM (*pro hac vice*)
    dmccallum@rfem.com
9   ROTHWELL, FIGG, ERNST & MANBECK P.C.
    607 14th Street N.W. – Suite 800
10  Washington, DC 20005
    Telephone:  (202) 783-6040
11  Facsimile:  (202) 783-6031

12  Attorneys for Plaintiff Nichia Corporation

13

14                **UNITED STATES DISTRICT COURT**

15           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16  NICHIA CORPORATION,              | Case No. 8:18-cv-362-AG-KES

17              Plaintiff            | **NICHIA'S OPPOSITION TO
                                       VIZIO'S MOTION TO STAY
18       v.                           ACTION PENDING *INTER
                                       PARTES* REVIEW**
19  VIZIO, INC.,

20              Defendant.           | Hearing
                                       Date: May 21, 2018
21                                     Time: 10:00 a.m.
                                       Judge:  Hon. Andrew J. Guilford
22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................. ii

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ....................................................................................... 1

     A.      The Texas Litigation .................................................................... 1

     B.      The IPRs ....................................................................................... 3

     C.      Proceedings in this Court ............................................................ 4

III.    LEGAL STANDARD ............................................................................... 5

IV.     ARGUMENT ............................................................................................ 5

     A.      Factor 1:  This Dispute Has Been Pending for Two Years .................. 5

     B.      Factor 2:  A Stay Will Not Promote Efficient Resolution of this Lawsuit .......................................................................................... 6

     C.      Factor 3:  Nichia Will Be Prejudiced by a Stay ................................ 7

V.      CONCLUSION ......................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Easton Baseball/softball, Inc. v. Wilson Sporting Goods Co.*,
Case No. 15-cv-9221, 2016 WL 9114010 (C.D. Cal. Sept. 16, 2016) ...................8

*Finjan, Inc. v. Blue Coat Systems, LLC*,
283 F Supp. 3d 839 (N.D. Cal. 2017) ....................................................................7

*In re Fluidmaster, Inc.*,
No. 18-109 (Fed. Cir. Jan. 17, 2018) .....................................................................3

*In re Micron*,
875 F.3d 1091 (Fed. Cir. 2017)..............................................................................3

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
Case No. 16-cv-0330, 2016 WL 7496740 (C.D. Cal. Nov. 17, 2016) ..............5, 6

*Separation Design Group IP Holdings, LLC v. Inogen, Inc.*,
Case No. 15-cv-8323 (C.D. Cal. July 11, 2017) .....................................................8

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S.Ct. 1514 (2017) .............................................................................................1

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...............................................................5, 8

**Statutes**

35 U.S.C. § 315(e) ......................................................................................................6

35 U.S.C. § 325............................................................................................................1

SNELL & WILMER
ATTORNEYS AT LAW
LOS ANGELIS

329859.1

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

1    **I.      INTRODUCTION**

2            Plaintiff Nichia Corporation ("Nichia") respectfully opposes VIZIO, Inc.'s

3    ("VIZIO's") motion to stay this lawsuit pending resolution of VIZIO's petitions for

4    *inter partes* review ("IPR").

5            VIZIO opening point in support of its motion is its assertion that this case is

6    in its "early stages."  Motion at 3.  Not so–the parties have been litigating for nearly

7    two years.  In fact, but for the Supreme Court's venue decision in *TC Heartland*

8    *LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017), Nichia and VIZIO

9    would be just four months from trial.

10           VIZIO's second point is that staying these cases while allowing the IPRs to

11   go forward would simplify the issues for the Court.  That assertion is speculative at

12   best.  The petitions on two of the three patents-in-suit have not yet been instituted,

13   and Nichia will be requesting the Patent Trials and Appeals Board to deny an

14   additional petition on the third patent-in-suit under 35 U.S.C. § 325 as untimely and

15   improper.  In other words, of the three patents-in-suit, there is an instituted IPR

16   covering only some of the asserted claims of one patent.  Moreover, VIZIO

17   procrastinated in filing its IPRs, even as it enjoyed a previous stay.

18           If the situation surrounding VIZIO's IPR petitions sounds more complicated

19   and speculative than VIZIO contends in its motion, that's because it is.  VIZIO's

20   motion should be denied.

21   **II.     BACKGROUND**

22           **A.      The Texas Litigation**

23           Nichia first filed suit against VIZIO in the Eastern District of Texas two

24   years ago alleging infringement of U.S. Patent No. 8,530,250 (the "'250 Patent").

25   Case No. 16-cv-246 (E.D. Tex.) (Dkt. 1).  The lawsuit against VIZIO proceeded

26   according to the Eastern District of Texas's local patent rules, with Nichia serving

27   its infringement contentions and producing an initial round of documents in

28   October 2016.  McCallum Decl., ¶2.  Nichia served VIZIO with written discovery

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

on November 2, 2016, and VIZIO served its first interrogatories on December 7, 2016.  McCallum Decl., ¶¶3-4.

Soon thereafter, VIZIO (and other consolidated defendants) asked the Texas court to stay that litigation pending the decision of the Federal Circuit in an earlier case Nichia had filed, *Nichia v. Everlight Electronics*, 13-cv-702.  Case No. 16-cv-615 (E.D. Tex.) (Dkt. 81).  The Texas court granted VIZIO's motion, and the case was stayed for about five months.  *Id.* (Dkt. 108).

In the meantime, Nichia filed a new lawsuit against VIZIO alleging infringement of two patents related to the '250 Patent – U.S. Patent No. 9,490,411 (the "'411 Patent") and U.S. Patent No. 9,537,071 (the "'071 Patent").  Case No. 16-cv-1453 (E.D. Tex.).  Nichia served infringement contentions relating to the '411 Patent and the '071 Patent on May 12, 2017.  McCallum Decl., ¶5.

Following the Federal Circuit's affirmance in *Everlight* of a judgment that Nichia's '250 Patent is valid and was infringed, the district court lifted the stay in the VIZIO case.  The lawsuits on all three patents were consolidated for pretrial purposes, with a trial set for August 2018.  Case No. 16-cv-1453 (Dkts. 67 and 68). The parties continued pre-trial activities, including document production and written discovery.  Nichia produced tens of thousands of pages of material.  Nichia also engaged in third-party discovery, serving subpoenas on several U.S. entities, (McCallum Decl., ¶6), and pursuing international letters rogatory directed towards third parties overseas.  (Dkt. 117).

On June 14, 2017, following the *TC Heartland* decision, VIZIO filed a motion to dismiss or to transfer, citing improper venue.  (Dkt. 65).  On July 12, 2017, VIZIO filed a second motion to transfer based on venue, this time for convenience.  (Dkt. 89).  That same day the parties filed a joint motion to allow Nichia to amend its infringement contentions to assert additional claims of the '250 Patent.  (Dkt. 88).  In exchange, VIZIO took an extension of the deadline to file its invalidity contentions as to all three patents-in-suit.

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

1    Per the Texas court's schedule, the parties engaged in claim construction

2  briefing, with the exchange of preliminary claim constructions on October 10,

3  2017, (Dkts. 139 and 141), a joint prehearing statement on October 30, 2017 (Dkt.

4  143), Nichia's opening claim construction brief on November 22, 2017 (Dkt. 152),

5  VIZIO's responsive brief on December 13, 2017 (Dkt. 186), and Nichia's reply

6  brief on December 20, 2017 (Dkt. 194).

7    In addition to written discovery, document production, third party discovery,

8  and claim construction briefing, the parties began to move forward with

9  depositions.  On November 28, 2017, VIZIO moved the court for an order allowing

10  VIZIO to depose certain witnesses in Japan.  (Dkt. 159).  Nichia in turn served a

11  deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6), followed by

12  six individual deposition notices on January 19, 2018.  McCallum Decl., ¶¶6-7.

13  The parties also engaged in a mediation session in Dallas, Texas, in which retired

14  District Judge David Folsom served as mediator.

15    On February 2, 2018, just days before the depositions of the Nichia inventors

16  were to begin in Japan, the Texas court granted VIZIO's motion and dismissed

17  Nichia's complaint on the grounds of improper venue.  (Dkt. 220).   Nichia had

18  argued that VIZIO waived its venue objection according to the test the Federal

19  Circuit outlined in *In re Micron*, 875 F.3d 1091 (Fed. Cir. 2017).  The district court

20  cited in *In re Fluidmaster, Inc.*, No. 18-109 (Fed. Cir. Jan. 17, 2018), in which the

21  Federal Circuit observed that Federal Rules of Civil Procedure 12(h)(1)(A) and

22  12(h)(1)(B)(ii) should be construed identically.

23    **B.    The IPRs**

24    VIZIO filed two IPR petitions challenging claims 1, 7, 17, 19, and 21 of the

25  '250 Patent on June 16 2017, narrowly avoiding the one-year bar date for seeking

26  review.  IPR2017-01608 (PTAB Jun. 16, 2017); IPR2017-01623 (PTAB Jun. 16,

27  2017).  That is, VIZIO's initial IPR petitions were filed one year after Nichia

28  brought suit; six months after VIZIO filed its motion to stay in light of the *Everlight*

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

1  appeal; and shortly after VIZIO filed its motion to dismiss or transfer the litigation

2  for improper venue.  These IPRs were instituted on January 10 and 11, 2018,

3  respectively.

4        With the one-year deadline for filing IPRs on the other two patents-in-suit

5  approaching, VIZIO filed a petition on the '411 Patent in December 2017 and a

6  petition on the '071 Patent in January 2018.  IPR2018-00386 (PTAB Dec. 22,

7  2017); IPR2018-00437 (PTAB Jan. 12, 2018).  Nichia has filed Patent Owner

8  Preliminary Responses in these cases.  The PTAB has yet to decide whether or not

9  it will institute IPRs on these petitions.

10        Finally, on April 8, 2018—two years after Nichia first filed suit on the '250

11  Patent—VIZIO filed a third IPR petition directed to other claims asserted against

12  VIZIO in that patent, and seeking to "piggyback" on an earlier petition filed by

13  another party.   IPR2018-00893 (PTAB Ap. 8, 2018).  The outcome of the most

14  recent petition, and how it will be handled by the PTAB if at all, is still in doubt.

15        **C.**    **Proceedings in this Court**

16        Following the dismissal of the Texas lawsuits for lack of venue following *TC*

17  *Heartland* and *Fluidmaster,* Nichia refiled its lawsuits against VIZIO in this Court

18  on March 5, 2018, alleging infringement of the same three patents that were at issue

19  in the Texas cases.  Case No. 18-cv-362 (C.D. Cal.) (Dkt. 1).  Given the time and

20  effort both parties had already expended, and this Court's directive to resolve the

21  case in a just and speedy manner (*Order Re Early Meeting of Parties and*

22  *Scheduling Conference*, Case No. 18-cv-362 (Dkt. 37)), Nichia consulted with

23  VIZIO on April 3, 2018 in the hopes of streamlining this litigation.  McCallum

24  Decl., ¶9.  While VIZIO's response was cordial,[1] it ultimately determined to file the

25  present motion to stay the litigation.

26  _____

27  [1] Among other things, the parties agreed that the voluminous document productions
from the Texas lawsuits would be deemed produced in this lawsuit as well.  Nichia

28  appreciates the cooperation of VIZIO's counsel in making this aspect of the transfer
from Texas to California as seamless as possible.

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

### III.  LEGAL STANDARD

This Court has the inherent power to control its docket in order to promote "economy of time and effort for itself, for counsel and for litigants."  *Order Re Early Meeting of Parties and Scheduling Conference*, Case No. 18-cv-362 (Dkt. 37).  Applying these principles to a motion to stay pending *inter partes* review, the Court assesses the totality of the circumstances.  *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (denying motion for stay).  The analysis often turns on three inquiries:  "(1) the stage of the proceedings; (2) simplification of the issues in question; and (3) undue prejudice or clear tactical disadvantage to the non-moving party."  *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, Case No. 16-cv-0330, 2016 WL 7496740, at *1 (C.D. Cal. Nov. 17, 2016) (denying motion for stay).  "Another consideration is the Court's ability to control its docket to ensure that cases are managed in the interest of justice."  *Universal Elecs.*, 943 F. Supp. 2d at 1035**.**

### IV.  ARGUMENT

VIZIO bears the burden of demonstrating that a stay is proper.  It has not in this case.  Given the parties' extensive litigation of the issues over the past two years, VIZIO's delay in filing its IPRs, and the fact that institution decisions are still pending for the petitions directed to two of the three asserted patents – along with one petition filed only weeks ago seeking joinder – the stay should be denied.

#### A.      Factor 1:  This Dispute Has Been Pending for Two Years

As discussed above, VIZIO's concession that "some case development" occurred in Texas is excessively modest.  Mot. at 8.  During the two years in Texas, the parties completed (or nearly completed) their document productions; responded to written discovery; pursued domestic and international third party discovery; completed claim construction briefing; and were in the process of beginning depositions.  This expenditure of "non-trivial" resources weighs against a stay. *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, Case No. 16-cv-0330, 2016

1  WL 7496740, at *2 (C.D. Cal. Nov. 17, 2016) (noting that the stage of the

2  proceeding weighed against a stay, based on "exchanged written interrogatories,

3  requests for production, and proposed claim constructions" as well as the resolution

4  of two motions).

5       Although this Court will have to familiarize itself with the issues in this

6  lawsuit, it will have to do so unless the PTAB invalidates all the claims in the

7  instituted IPRs, *and* institutes and invalidates all claims challenged in VIZIO's

8  three pending IPR petitions.  Rather than stay this litigation pending VIZIO's IPRs,

9  including those that have yet to be instituted, the more efficient course would be for

10  the parties and the Court to take advantage of the progress made in the Texas

11  litigation and move this case forward.

12       For these reasons, this factor weighs against granting a stay.

13  **B.     Factor 2:  A Stay Will Not Promote Efficient Resolution of this**

14  **Lawsuit**

15       The PTAB has instituted VIZIO's IPR petitions on only one of the three

16  asserted patents.  Those petitions challenge some, but not all, of the claims of the

17  '250 Patent that Nichia has asserted in this case.  VIZIO's arguments in favor of

18  simplification are therefore overstated at best.

19       As an initial matter, VIZIO seems to assume that its three pending IPR

20  petitions will be instituted.  This argument is "inherently speculative," weighing

21  against a stay.  *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, Case No. 16-

22  cv-0330, 2016 WL 7496740, at *2 (C.D. Cal. Nov. 17, 2016) (denying a stay based

23  on un-instituted IPR filings).

24       Moreover, VIZIO appears to contend that, regardless of the ultimate outcome

25  of any of the IPRs, a stay is warranted because of the estoppel provisions of 35

26  U.S.C. § 315(e).  This amounts to an argument that a stay should be granted

27  automatically based on the institution of an IPR alone.  Of course, that is not the

28  law, nor should it be, as the parties' respective arguments on VIZIO's motion attest.

- 6 -

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

1    Finally, while VIZIO will be estopped from raising certain invalidity

2   arguments with respect to the instituted IPRs, the scope of that estoppel is

3   uncertain.  *See, e.g.*, *Finjan, Inc. v. Blue Coat Systems, LLC*, 283 F Supp. 3d 839,

4   856 (N.D. Cal. 2017).  Should this Court follow the reasoning of *Finjan*, VIZIO

5   would still be free to assert any number of arguments even if it were to lose the IPR

6   proceedings on the merits.

7    At a minimum, if it truly wants a stay, VIZIO should be required to stipulate

8   that it will not raise any Section 102 and 103 prior art in this litigation that it could

9   have raised in its IPR petitions, including the art VIZIO cited in its Texas invalidity

10   contentions.

11    For the reasons outlined above, this factor does not warrant a stay.

12    **C.    Factor 3:  Nichia Will Be Prejudiced by a Stay**

13    VIZIO's arguments regarding prejudice might carry more weight if, in fact,

14   the parties had not been litigating the issues in this case for two years, which

15   entailed great expenditure and effort on Nichia's part.  VIZIO effectively asks the

16   Court to ignore that piece of the equation.

17    The prejudice can be laid at VIZIO's doorstep.  For example, VIZIO could

18   have moved forward with its IPRs soon after Nichia raised its patent claims

19   beginning in March 2016.  Then, VIZIO could have moved promptly to take

20   advantage of the *inter partes* review process and sought a stay on that basis.

21   Instead of filing IPRs, VIZIO sought to stay the litigation pending resolution of the

22   *Everlight* appeal.

23    The Texas court granted that stay but, despite the five-month hiatus, VIZIO

24   still chose not to take advantage of the IPR process and seek a stay.  Again, VIZIO

25   took another route, this time challenging Nichia's lawsuit based on improper venue.

26   That effort was successful, but that decision did nothing to resolve the merits of the

27   dispute.

28

1    Having failed to file a motion to stay based on the IPRs during the two years

2  this case was litigated in Texas, VIZIO *now* seeks a stay, apparently as a procedural

3  option of last resort.   Having chosen the strategies it did in the Texas case, VIZIO's

4  arguments that further delay would not prejudice the patent owner fall flat.  VIZIO

5  could have saved the parties and the Texas court substantial time and effort by

6  seeking stay months ago, rather than waiting to see how its other tactics fared.

7    Moreover, by waiting so long to file its IPR petitions and to seek a stay,

8  VIZIO has demonstrated that it is not at all concerned about expeditious resolution

9  of the validity questions.  "By filing the petition[s] and requesting a stay when it

10  did, [VIZIO's] primary consideration does not appear to be taking advantage of the

11  normally expedient review of the USPTO."  *Easton Baseball/softball, Inc. v.*

12  *Wilson Sporting Goods Co.*, Case No. 15-cv-9221, 2016 WL 9114010, at *1 (C.D.

13  Cal. Sept. 16, 2016) (denying motion for stay pending IPR); *see also Universal*,

14  943 F. Supp. 2d at 1035; *Separation Design Group IP Holdings, LLC v. Inogen,*

15  *Inc.*, Case No. 15-cv-8323, at 5 (C.D. Cal. July 11, 2017) (Dkt. 163 at 5) (denying

16  motion for stay).

17    VIZIO contends that Nichia will not be harmed because the Texas court did

18  not grant Nichia a permanent injunction in the *Nichia v. Everlight* case.  As an

19  initial matter, whether an injunction is available in this case is a question for this

20  Court to decide on the record in this case.  It has nothing to do with an earlier

21  decision in Texas involving different parties in different circumstances.

22    Second, the question is not whether Nichia will ultimately be entitled to an

23  injunction; the question is whether Nichia will be harmed by a further delay of its

24  right to a trial.  The answer to that question is yes.  The harm Nichia will experience

25  is intertwined with the inventions at issue in this lawsuit and VIZIO's continued

26  infringement.  Nichia's patents-in-suit are directed to inventions that experts,

27  industry publications, and courts recognize to be groundbreaking in the LED field

28  by allowing for the manufacture of high-quality, reliable, durable, low-cost LEDs in

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

large volumes.  *Nichia v. Everlight*, Case No. 13-cv-702, 2016 WL 310142, at *23-*24 (E.D. Tex. Jan. 25, 2016).  The fact that the Texas court did not grant an injunction does not mean that infringers have a license to use Nichia's valuable inventions.

The Court's stay of this lawsuit will not stay the expiration dates of Nichia's patents, or the terms by which Nichia has the exclusive right to take advantage of its inventions.  Regardless of the form of relief Nichia ultimately seeks, a stay will have an adverse impact on Nichia.  This too favors denial of VIZIO's motion.

## V.   CONCLUSION

For the foregoing reasons, Nichia respectfully requests that this Court deny VIZIO's motion to stay pending *inter partes* review.  Alternatively, Nichia respectfully requests that, at a minimum, this Court delay its ruling until the PTAB addresses VIZIO's petitions directed to the '411 and '071 Patents.

Dated: April 30, 2018          SNELL & WILMER L.L.P
                               William S. O'Hare
                               Deborah S. Mallgrave

                               ROTHWELL, FIGG, ERNST & MANBECK P.C.
                               Robert P. Parker (*pro hac vice*)
                               Steven Weihrouch (*pro hac vice*)
                               Daniel McCallum (*pro hac vice*)

                               By: */s/ Deborah S. Mallgrave*
                               William S. O'Hare
                               Deborah S. Mallgrave

                               Attorneys for Plaintiff Nichia Corporation

OPPOSITION TO MOTION TO STAY
CASE NO. 8:18-CV-00362-AG-KESX

*Nichia Corporation vs. VIZIO, Inc.*
**USDC, Central District of California, Case No. 8:18-cv-00362-AG-KESx**

### CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, I electronically filed the document described as **NICHIA'S OPPOSITION TO VIZIO'S MOTION TO STAY ACTION PENDING *INTER PARTES* REVIEW** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Kevin McBride | <u>Attorneys for Defendant VIZIO, Inc.</u> |
| Brock Wilson | Tel:    (949) 885-4100 |
| Romeao Jennings | Fax:    (949) 885-4101 |
| Akin Gump Strauss Hauer & Feld LLP | kmcbride@akingump.com |
| 4 Park Plaza, Suite 1900 | bfwilson@akingump.com |
| Irvine, CA  92614 | rjennings@akingump.com |
| | |
| Charles Everingham IV (*pro hac vice*) | <u>Attorneys for Defendant VIZIO, Inc.</u> |
| Akin Gump Strauss Hauer & Feld LLP | Tel:    (903) 297-7400 |
| 911 West Loop 281, Suite 412 | Fax:    (903) 297-7402 |
| Longview, Texas 75604 | ceveringham@akingump.com |

Dated:  April 30, 2018            SNELL & WILMER L.L.P.

By: */s/Deborah S. Mallgrave*
William S. O'Hare
Deborah S. Mallgrave
Attorneys for Plaintiff Nichia Corporation

4822-1024-4196.1